United States District Court
Southern District of Texas
**ENTERED**
January 16, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORIGIN BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-02173 |
| | § | |
| PAUL RICARDO CASTELLANO, | § | |
| KYANA ELYSE LARA, TAMMY | § | |
| MARIE LABRY, and EDWARD | § | |
| JEROME SCOTT, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a bank fraud case wherein one of Origin Bank's customers, Joe J. Cone and Associates, had over $147,000 stolen from his bank account via the use of altered checks. Before the Court are Origin Bank's claims against four of the individual defendants who were the payees on those altered checks. Origin Bank has moved for default judgment against Edward Jerome Scott, (Dkt. No. 64), Kyana Elyse Lara, (Dkt. No. 65), Paul Ricardo Castellano, (Dkt. No. 66), and Tammy Marie Labry, (Dkt. No. 67). After careful consideration, the Court finds that each of these default judgment motions should be **GRANTED**.

### I.   BACKGROUND

Origin Bank is a financial institution organized under Louisiana law. One of its customers, Joe J. Cone and Associates ("Cone"), wrote several checks to medical providers and other obligors and placed the checks in a U.S. Mail receptacle in Harris County, Texas. The checks, however, never made their way to the intended payees, as

they "were intercepted and altered with new payees and/or amounts." In relevant part, four checks were altered, and each went to a different payee: Tammy Labry, Paul Castellano, Kyana Lara, and Edward Scott (collectively, the "False Payees"). Each of them deposited their checks representing to Chase Bank that they were authorized to negotiate the checks, that the checks were not altered, and that the checks contained the proper endorsements. Chase Bank, in turn, made these same warranties to Origin Bank, who paid out the relevant amounts: $24,946.70 to Labry, $34,241.23 to Castellano, $32,461.72 to Lara, and $24,746.31 to Scott.

In addition to Chase Bank and the False Payees, Origin Bank's complaint also named Tony S. Morris, Jr. and Phillip E. Cunningham, Jr. (Dkt. No. 29 at 1). Against all of the Defendants, Origin Bank asserted a number of claims including (1) breaches of UCC warranties; (2) money had and received; (3) unjust enrichment; and (4) breach of contract. (*Id.* at 4–12). Origin Bank also brought claims against the "Individual Defendants"—ostensibly, every defendant except Chase Bank—although it is unclear what claims Origin Bank asserts. Origin Bank appears to argue that (1) the individuals conspired to commit bank fraud and should therefore be liable for punitive damages; (2) the individuals are liable for conversion under UCC § 3.420; (3) the individuals committed fraud; and (4) the individuals violated the Texas Theft Liability Act. (*Id.* at 12–13).

On October 6, 2022, Origin Bank stipulated to the dismissal of Chase Bank as a defendant. (Dkt. No. 50). And at the most recent status conference in this case on May 23, 2023, the Court granted Origin Bank's oral motion to dismiss Tony S. Morris, Jr.,

Unknown John Doe Defendants, and Phillip E. Cunningham without prejudice.[1] The only remaining defendants, then, are Labry, Castellano, Lara, and Scott. Each has failed to file an answer or otherwise participate in this litigation, and Origin Bank obtained clerk's entry of default against them. (Dkt. Nos. 57, 59). The Court now considers Origin Bank's default judgment motions against each of these remaining defendants—Labry, Castellano, Lara, and Scott. (Dkt. Nos. 64–67). After careful consideration, the Motions are **GRANTED**.

## II.  LEGAL STANDARD

"As the Fifth Circuit has explained, default judgment is appropriate after: (1) the defendant has defaulted, *i.e.*, has failed to timely plead or otherwise respond to the complaint; (2) entry by the clerk of court when default is established by affidavit or otherwise; and (3) application by the plaintiff for a default judgment after the entry of default. Fed. R. Civ. P. 55; *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Standing alone, entry of default does not necessarily mean that default judgment is appropriate. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (explaining that a party "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default") (citation and quotations omitted). By defaulting, a defendant admits the plaintiff's well-pleaded facts. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). But courts do not treat entry of default "as an absolute confession by the defendant of his liability and of the plaintiff's right to

---

[1] Origin Bank's initial pleadings also asserted claims against "Unknown John Doe Defendants."

recover," as a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law," and "[t]here must be a sufficient basis in the pleadings for the judgment entered."[2] *Id.*

The decision to grant a default judgment is within the discretion of the district judge, but it is "a drastic remedy [and] not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). It is appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* In considering whether to grant default, courts consider the *Lindsey* factors: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## III. DISCUSSION

The Court now considers whether the pleadings offer a sufficient basis for entry of default judgment and, if so, whether default would be appropriate in this case.

### A. SUFFICIENCY OF THE PLEADINGS

Having established that the False Payees are in default, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

---

[2] A default judgment does not take a plaintiff's allegations as true with respect to damages. *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

4

Among Origin Bank's asserted claims is for violation of the Texas Theft Liability Act. The Act "provides victims of a theft, as defined in various sections of the Texas Penal Code, with a civil action to recover damages, fees, and costs from the thief." *Powers v. Caremark Inc.*, 261 F.App'x 719, 721 (5th Cir. 2008); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 134.002. As provided in the Texas Penal Code, a person commits theft "if he unlawfully appropriates property with intent to deprive the owner of the property." Tex. Pen. Code § 31.03(a). The statute defines "appropriate" as (1) "to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another," or (2) "to acquire or otherwise exercise control over property other than real property." *Id.* § 31.01(4). Appropriation of property is unlawful if, *inter alia*, it is without the owner's effective consent[.]" *Id.* § 31.03(b)(1). "Effective consent" means, inter alia, that it is not induced by deception or coercion. *Id.* § 31.01(3). Texas courts have held that an electric transfer between bank accounts is an appropriation of property for purposes of theft under the Texas Penal Code. *See In re Okedokun*, 593 B.R. 469, 541 (Bankr. S.D. Tex. 2018) (collecting cases).

Here, this cause of action applies to Origin Bank and its allegations against the False Payees. The False Payees brought about a transfer of title and interest in property to themselves, with intent to deprive Origin Bank of the property. (Dkt. No. 29 at 12–13). They did so without effective consent, as the transfer was induced by deception through the alteration of the checks which were not in fact made out to the False Payees. (*Id.*). The False Payees are therefore liable to Origin Bank based on the TTLA. Although the

Court need not consider the merits of Origin Bank's remaining causes of action, the Court observes that the False Payees would also be liable under a theory of common-law fraud.[3]

### B. WHETHER DEFAULT JUDGMENT IS APPROPRIATE

The *Lindsey* factors, considered in the aggregate, show that default judgment is appropriate under the present circumstances. 161 F.3d at 893. No defendant against whom default is sought has filed a responsive pleading or otherwise appeared, so no disputes of material fact exists. Their failure to defend, if allowed to continue, would prejudice Origin Bank. The grounds for default have been clearly established, as the Clerk of Court has already entered default. (Dkt. Nos. 56, 59). Absent any indication that the default was due to a good faith mistake or excusable neglect, the Court will not so assume. Default judgment would not be unduly harsh in light of Labry, Castellano, Lara, and Scott's failure to defend, as the judgment would award no more than the actual damages, with interest and incurred fees, that they inflicted. In sum, this case appears to be a typical example of a situation when default judgment is appropriate.

## IV. ATTORNEYS' FEES AND INTEREST

"[T]he award of attorney's fees is part of the substantive right of a suit" and "depends on the law of the state whose rules govern the substantive claims." *Mut.*

---

[3] To recover for common-law fraud under Texas law, a plaintiff must prove (1) a material misrepresentation, (2) which was false, (3) which was either known to be false when made or was asserted without knowledge of the truth, (4) which was intended to be acted upon, (5) which was relied upon, and (6) which caused injury. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990). The False Payees' representations meet all of these elements, and they are therefore liable for fraud. *See, e.g., Barrick v. CRT Disaster Servs.*, No. 14-06-00853-CV, 2007 WL 2790386, at *5 (Tex. App.—Houston [14th Dist.] Sept. 27, 2007, no pet.) (mem. op.) (explaining that a person who presented altered checks to be cashed "undoubtedly" committed fraud).

*Concepts, Inc. v. First Nat'l Bank of Omaha*, 495 F.App'x 514, 517 (5th Cir. 2012) (quoting *Kucel v. Heller*, 813 F.2d 67, 73 (5th Cir. 1987). "Attorneys' fees are not recoverable unless such a recovery is provided by statute or a contract between the parties." *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). And when Texas law governs the merits of the action, Texas law also controls an award of attorneys' fees. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Texas employs the "lodestar" method of calculating fees, which is based on "the number of hours worked multiplied by the prevailing hourly rates." *E.g.*, *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 759 (Tex. 2012).

The Court finds that Origin Bank is entitled to attorneys' fees because it prevails on its TTLA cause of action, and that statute unmistakably provides that "[e]ach person who prevails . . . *shall* be awarded court costs and reasonable and necessary attorney's fees." *Transverse, L.L.C. v. Iowa Wireless Services, L.L.C.*, 753 F.App'x 184, 190 (5th Cir. 2018) (emphasis added) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 134.005(b)). After a careful review of Origin Bank's affidavits and invoices, the Court agrees that the rates charged and hours expended are reasonable compared to attorneys with similar experience in a similar market. *See Wells Fargo Bank, N.A. v. Pantalion*, No. 4:18-CV-04215, 2019 WL 2544077, at *4 (S.D. Tex. June 19, 2019) (citing *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017) (listing factors relevant to reasonableness, including "the time and labor required," the "ability of the lawyer or lawyers," and "the fee customarily charged in the locality for similar legal services")). However, as the invoices illustrate, the relevant hours and rates entered included work performed concurrently toward all four of the False Payees. (*See* Dkt. Nos. 64–67). While Origin Bank seeks those total

attorneys' fees with respect to each individual defendant, such an award would effectively quadruple Origin Bank's recovery, and the Court declines to grant the award to that extent.[4]

As to interest, state law governs the award of pre-judgment interest in diversity cases. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). Pre-judgment interest may be prescribed by statute or based on general principles of equity. The Court has found no Texas law that provides for pre-judgment interest on TTLA claims but finds that it is appropriate based on equitable considerations. As explained by the Texas Supreme Court, "[t]he primary objective of awarding damages in civil actions has always been to compensate the injured plaintiff, rather than to punish the defendant." *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985). And denying pre-judgment interest would "frustrate[] this goal," as the plaintiff would be "denied the opportunity to invest and earn interest on the amount of damages between the time of the occurrence and the time of judgment." *Id*. An award of prejudgment interest, then, "is necessary in order to fully compensate an injured plaintiff." *Id.* The Court therefore finds that Origin Bank is entitled to pre-judgment interest, calculated as simple interest based on the post-judgment interest rate applicable at the time of judgment. *De La Morena v. Ingenieria E Maquinaria De Guadalupe, S.A.*, 56 S.W.3d 652, 659 (Tex. App.—Waco 2001, no pet.) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy,*

---

[4] In lieu of awarding to Origin Bank the total amount of attorneys' fees incurred, the Court will divide the sum by four and consider one-fourth of the total time spent to have been toward each individual defendant. Thus, the Court will consider each false payee to have incurred $2,875 of attorneys' fees, instead of $11,500.

8

*Inc.*, 962 S.W.2d 507, 532 (Tex. 1998) (explaining that "equitable prejudgment interest shall be computed as simple interest")). Post-judgment interest is set at either "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation" or "five percent a year if the prime rate as published by the Board of Governors . . . is less than five percent." Tex. Fin. Code. Ann. § 304.003(c)(1)-(2). As of the date of judgment, the applicable post-judgment interest rate is 4.83%. *See Post–Judgment Interest Rates*, https://www.txs.uscourts.gov/page/post-judgment-interest-rates (last visited January 12, 2024). Accordingly, Origin Bank is entitled to recover from each false payee as follows:

| Defendant: | Paul Ricardo Castellano |
|---|---|
| Principal: | $34,241.23 |
| Pre-Judgment Interest[5]: | $4,313.61 |
| Attorneys' Fees: | $2,875.00 |
| TOTAL: | $41,429.84 |

| Defendant: | Kyana Elyse Lara |
|---|---|
| Principal: | $32,461.72 |
| Pre-Judgment Interest[6]: | $4,089.43 |
| Attorneys' Fees: | $2,875.00 |
| TOTAL: | $39,426.15 |

---

[5] Origin Bank initially filed suit on June 4, 2021. (*See* Dkt. No. 1-1). Under Texas common law, pre-judgment interest accrues on "the earlier of (1) 180 days after the date a defendant receives written notice of a claim or (2) the date the suit is filed." *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 414 (5th Cir. 2011). Origin Bank has not indicated when the defendants received written notice, so the Court uses the date of filing.

[6] *See supra* n.5.

| Defendant: | Tammy Marie Labry |
|---|---|
| Principal: | $24,946.70 |
| Pre-Judgment Interest[7]: | $3,142.71 |
| Attorneys' Fees: | $2,875.00 |
| TOTAL: | $30,964.41 |

| Defendant: | Edward Jerome Scott |
|---|---|
| Principal: | $24,746.31 |
| Pre-Judgment Interest[8]: | $3,117.47 |
| Attorneys' Fees: | $2,875.00 |
| TOTAL: | $30,738.78 |

## V. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Origin Bank's motions for default judgment, (Dkt. Nos. 64–67). Origin Bank is entitled to recover $41,429.84 from Paul Ricardo Castellano, $39,426.15 from Kyana Elyse Lara, $30,964.41 from Tammy Marie Labry, and $30,738.78 from Edward Jerome Scott. On each amount, the Court additionally awards post-judgment interest at the applicable rate of 4.83% per annum until paid in full. The Court will enter a separate judgment consistent with this Memorandum Opinion and Order.

It is SO ORDERED.

Signed on January 12, 2024.

*(signature)*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[7] *See supra* n.5.

[8] *See supra* n.5.